IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


DAVID EARL DOYLE,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Movant,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Civ. No. 13-1236-JDT-egb
VS.　　　　　　　　　　　　　　　　)　　Civ. No. 16-1056-JDT-egb
　　　　　　　　　　　　　　　　　)　　Crim. No. 07-10056-JDT
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Respondent.　　　　　　　　　　)

---

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

---

The Movant, David Earl Doyle, acting *pro se*, filed a motion pursuant to 28 U.S.C.

§ 2255 on August 16, 2013, challenging the prior convictions that were used to enhance his

sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Doyle filed

a supplement to his § 2255 motion on March 18, 2016, relying directly on the decision in

*Johnson v. United States*, 135 S. Ct. 2551 (2015), to support the contention that his ACCA-

enhanced sentence is unconstitutional. Counsel was appointed to represent the Movant. As

the supplemental § 2255 motion was mistakenly opened as a new case, the Court also issued

an order consolidating the two proceedings.

In 2007, Doyle was indicted on one count of being a felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g); one count of possession of a shotgun altered to have a

barrel of less than eighteen inches in length, in violation of 26 U.S.C. §§ 5822, 5861(c) and

5871; and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5822, 5861(d)

and 5871. He entered a guilty plea to all three charges on October 11, 2007. At sentencing, the Court determined that Doyle had three prior convictions for violent felonies that qualified him as an armed career criminal under the ACCA. *See* 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4(a). Those prior convictions were for aggravated assault, burglary other than a habitation and felony evading arrest. Consequently, Doyle was sentenced under the ACCA to an effective 180-month term of imprisonment and a three-year term of supervised release.

The portion of the ACCA's definition of "violent felony" known as the residual clause provides that a violent felony is any crime that "otherwise presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, 135 S. Ct. 2551, the Supreme Court held the residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. *Id.* at 2563. The decision in *Johnson* was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

On November 17, 2016, the Court held a status conference with the attorneys in this matter. At the conference, it was agreed by the parties that Doyle's prior conviction for evading arrest qualified as a violent felony only under the residual clause that was declared unconstitutional in *Johnson*. Absent that conviction, Doyle has only two predicate convictions and no longer qualifies as an armed career criminal. The United States has filed a response to the § 2255 motion confirming that it does not oppose Doyle's request for relief. Accordingly, the Court finds that Doyle is entitled to relief from the enhanced sentence that was imposed pursuant to the ACCA, and the motion under 28 U.S.C. § 2255 is GRANTED.

An amended judgment will be prepared in the criminal proceeding, sentencing Doyle to time

served in accordance with the modified guideline calculations and the agreement of the

parties.

The Clerk is also directed to prepare a judgment in these consolidated civil cases.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE